**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 08-17251 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00638-VRW |
| v. | |
| CHARLES LEE, Health Care Manager, Salinas Valley State Prison; DONALD C. POMPAN, Orthopedic Surgeon, Salinas Valley State Prison; ANDREW STAN WONG, M.D., Physician, Salinas Valley State Prison; WILLIAM MCGUINNESS, Health Care Manager, CA State Prison, Corcoran; JEANNE S. WOODFORD, Director CA Dept. of Corrections and Rehabilitation; MARC SAFRAN, Orthopedic Surgeon, UCSF Medical Center, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted January 16, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS and BYBEE, Circuit Judges, and ADELMAN, District Judge.[**]

Walter White, an inmate at the California-run Salinas Valley State Prison, has suffered from knee pain due, in part, to a Baker's cyst in his right knee. White brought a § 1983 suit against four of his treating physicians, Drs. Pompan, Lee, Wong, and Safran. The district court dismissed White's suit as to claims brought against Drs. Pompan and Lee on the grounds that he did not exhaust his administrative remedies, and granted Drs. Wong and Safran's motion for summary judgment on White's claims against them. We affirm the judgment of the district court.

White failed to exhaust his administrative remedies with regards to Drs. Pompan and Lee, and therefore cannot initiate a federal civil rights action against these defendants under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006). White's prison appeal was submitted before the complained-of actions by these physicians occurred, and failed to reference what decisions or actions by Drs. Pompan or Lee adversely impacted White; *see* Cal. Code Regs. tit. 15, § 3084.1 (asserting that "identified grievances" are exhausted only when "included in the originally submitted . . .

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Form"). The district court's dismissal of White's claims against Drs. Pompan and Lee was thus proper.

White has also not shown that there is a genuine dispute of material fact as to his claims against Drs. Wong and Safran, and therefore the district court appropriately granted these defendants' motion for summary judgment. First, White received thorough and careful medical treatment from his physicians, unlikely to constitute medical malpractice, negligence, or gross negligence, let alone the knowing disregard of "an excessive risk to inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), or "unnecessary and wanton infliction of pain," required for an Eighth Amendment claim, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). White has shown, at most, that there is a mere difference of medical opinion regarding the ideal course of treatment, which is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

3

Second, White's First Amendment free exercise and RLUIPA claims were appropriately considered and dismissed by the district court. The district court concluded that there is no "genuine issue for trial" that Dr. Safran "burdened [White's] right to exercise his religion." We agree. Even when viewed in the light most favorable to White, the facts do not indicate that White's religious beliefs impacted his physicians' chosen course of treatment for his knee pain, which did not prioritize the removal of White's Baker's cyst for reasons entirely unrelated to his refusal to accept blood transfusions. Defendants' medically-justified course of treatment does not impinge on, or substantially burden, White's exercise of his religious beliefs, and therefore the district court appropriately granted defendants' summary judgment as to White's Eighth Amendment and RLUIPA claims. *See* 42 U.S.C. § 2000cc-1(a); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

Third, the district court did not abuse its discretion in denying White's requests for additional discovery, for appointment of trial counsel, or for appointment of a medical expert. White conducted a large amount of informal discovery, and did not meet his "burden of setting out what further discovery would reveal that is essential to justify [his] opposition." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088 (9th Cir. 2001) (internal quotation marks omitted). Nor has White shown himself incapable of articulating his claims pro se, and therefore in

4

need of appointed counsel; the medical issues in White's case were not particularly complex and White proved himself a vigorous advocate on his own behalf. *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  Finally, White's request for a medical expert "to rebut Safran's expert" would have, at most, established a disagreement in medical judgment—which is insufficient to support a deliberate-indifference claim, *Estelle*, 429 U.S. at 107.  In such circumstances, the district court did not abuse its discretion in denying White's request for the court to appoint a Rule 706 witness.

AFFIRMED.